**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0489n.06

**FILED**
**Aug 09, 2010**
LEONARD GREEN, Clerk

No. 07-5646

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ANDRE RASHAD SUTTON, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GIBBONS and KETHLEDGE, Circuit Judges; and SARGUS, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant-appellant Andre Rashad Sutton appeals the denial of his motion to suppress, claiming that the magistrate judge made an erroneous credibility determination, which the district court adopted. He also asserts that he was subjected to a pat-down search in violation of his Fourth Amendment rights and that all evidence subsequently obtained should be suppressed. For the following reasons, we affirm the district court's denial of the motion to suppress.

I.

On February 14, 2006, a federal grand jury charged Sutton in a three-count indictment with various drug offenses, including conspiracy to distribute fifty grams or more of cocaine base or crack in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A) and possession with intent to distribute fifty

---

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

grams or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). The evidence against Sutton was obtained during a traffic stop conducted by Agent Tim Miller, after he observed Sutton commit several traffic violations in Shelbyville, Tennessee. Sutton filed a pre-trial motion to suppress, arguing that Miller fabricated the traffic violations to create a pretext for stopping Sutton. At the suppression hearing, Miller was the only witness who testified. Sutton did not take the stand.

Miller, an officer with the 17th Judicial Drug Task Force of the Lincoln County Sheriff's Office, testified that, on February 8, 2006, he received a call from Detective Brian Crews of the Shelbyville Police Department regarding a suspect named "Rashad" who was selling crack cocaine near a trailer in Lot 27 of Farrar's Trailer Park. The suspect was also said to be driving a gold Mitsubishi. Prior to going off duty and heading home, Miller decided to investigate the park.

After briefly investigating the area, Miller saw a gold Mitsubishi matching Crews's description, and he followed the vehicle until it parked near Lot 27. Shortly thereafter, the gold Mitsubishi exited the park, and Miller pursued the car. After exiting the park, Miller testified that the Mitsubishi drove through a stop sign without stopping. At the next intersection, the Mitsubishi came to a complete stop, which allowed Miller to run the vehicle's license plate number through dispatch. The vehicle then sped up to approximately sixty miles-per-hour in a thirty mile-per-hour zone. Approaching another intersection, Miller testified that the Mitsubishi barely slowed down before making a right turn, driving through the stop sign. Miller ultimately caught up with the vehicle and activated his lights in an attempt to stop the vehicle. The Mitsubishi traveled approximately two-tenths of a mile before stopping at a residence.

When the Mitsubishi stopped, the driver exited the Mitsubishi and started walking towards the house. Miller ordered the driver back into the car. The driver responded that his identification was in the house. Miller told the driver three more times to go back into the vehicle before the driver complied. Miller then approached the vehicle.

Miller testified that the defendant appeared very nervous and told Miller that his name was "Andre Sutton." Miller quickly realized he was speaking to Andre "Rashad" Sutton, the individual Crews had told him about. Miller then escorted Sutton to the rear of the vehicle. At this point, another police officer, Cody King, arrived. Miller then asked whether Sutton was on probation or parole, and Sutton responded that he was on parole. Next, Miller asked whether Sutton was in possession of any weapons. Miller testified that Sutton "didn't say anything." Miller then proceeded to pat Sutton down. As Miller patted Sutton around the ankle, he heard and felt a crunch of a cellophane wrapper. When Miller lifted up Sutton's pant leg, he saw the cellophane sticking out from the left sock and what he believed to be crack cocaine in the cellophane wrapper. Sutton was arrested, handcuffed, and placed in the patrol car.

Miller then asked the passenger and registered owner of the car, Jacalyn Bowman, whether the officers could search the vehicle for hidden contraband, and Bowman consented to the search. During the search, Miller and King found a Kroger bag under the passenger seat which contained crack and powder cocaine. Bowman then informed Miller that she owned the trailer on Lot 27. Miller asked for permission to search the trailer, and Bowman consented. The officers then searched the trailer and found digital scales and marijuana in the bedroom. Sutton also had around $1,300 dollars in his pockets at the time of his arrest. Miller testified that he did not cite Sutton for the

traffic violations due to the more serious crimes that were discovered. Shortly thereafter, Sutton was read his *Miranda* rights, waived these rights, and admitted that the crack cocaine belonged to him.

During the suppression hearing, the defense argued that Miller's testimony was not credible, but offered no witnesses. The magistrate judge filed a Report and Recommendation on September 1, 2006, recommending that the district court deny Sutton's motion to suppress. In the report, the magistrate judge found Miller credible, his testimony consistent and logical, and that he had probable cause to initiate the traffic stop on account of the various traffic violations. Specifically, the magistrate judge "found no reason to discredit Miller's testimony." Sutton filed a timely objection to the magistrate judge's recommendation; however, the district court ultimately adopted the magistrate judge's recommendation and denied the motion to suppress.

Sutton then entered a conditional guilty plea, reserving the right to appeal the district court's denial of his motion to suppress. Sutton was sentenced to the enhanced statutory minimum of twenty years imprisonment. Sutton timely filed a notice of appeal.

## II.

In an appeal of a denial of a motion to suppress, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. *United States v. Gross*, 550 F.3d 578, 582 (6th Cir. 2008). A credibility determination will be overturned only when this Court has a "definite and firm conviction" that the trial court committed a mistake. *United States v. Sanford*, 476 F.3d 391, 394 (6th Cir. 2007) (quoting *United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999)). We view the evidence "in the light most likely to support the district court's decision." Id. (quoting *United States v. Dillard*, 438 F.3d 675, 680 (6th Cir. 2006)).

Sutton contends that Miller lacked probable cause to initiate the traffic stop. It is well-settled that a traffic stop is proper "so long as the officer has probable cause to believe that a traffic violation has occurred or was occurring." *United States v. Palomino*, 100 F.3d 446, 448 (6th Cir. 1996). Moreover, an officer may conduct a stop after a traffic violation even if his "true motive is to detect more extensive criminal conduct." *United States v. Townsend*, 305 F.3d 537, 541 (6th Cir. 2002). The crux of Sutton's argument is that Miller fabricated the traffic violations in order to stop Sutton in the hopes of finding contraband. Thus, Sutton urges this Court to disregard the magistrate judge's credibility determination. However, a credibility determination will only be set aside if it is clearly erroneous, and Sutton fails to meet this standard. *Navarro-Camacho*, 186 F.3d at 705. The magistrate judge carefully observed Miller during his testimony and "found no reason to discredit Miller's testimony." Sutton offers no evidence to overturn the magistrate's determination.

According to Sutton, Miller's testimony at the suppression hearing provided a "long and twisted description" of his pursuit of Sutton until "finally, the officer observe[d] a traffic violation." In actuality, Miller's testimony revealed that he witnessed Sutton, the driver of the Mitsubishi, commit a traffic violation early in his surveillance. Specifically, Miller testified that he witnessed Sutton run a stop sign at one of the intersections near Farrar's Trailer Park. Miller also had to increase his speed to nearly double the posted limit to catch up with Sutton to perform the traffic stop. Miller was the only witness called during the suppression hearing, and Sutton did not introduce any contradictory testimony regarding the traffic violations. Because Sutton cannot point to any evidence that suggests the magistrate's credibility determination was clearly erroneous, we affirm the district court's denial of Sutton's suppression motion.

### III.

For the first time on appeal, Sutton argues that Miller's pat-down search was improper because Miller did not have reasonable suspicion to believe that Sutton was dangerous. However, because Sutton did not raise this issue either in his motion to suppress or objections to the Report and Recommendation, he has waived it on appeal. *United States v. Critton*, 43 F.3d 1089, 1093–94 (6th Cir. 1995) (quoting *United States v. Yannott*, 42 F.3d 999, 1005 (6th Cir. 1994)).

Regardless, Miller's pat-down of Sutton was justified because it was reasonable for Miller to suspect that Sutton was armed. We have held that officers who stop a person reasonably suspected of carrying drugs "are 'entitled to rely on their experience and training in concluding that weapons are frequently used in drug transactions,' and to take reasonable measures to protect themselves." *United States v. Jacob*, 377 F.3d 573, 579 (6th Cir. 2004) (quoting *United States v. Heath*, 259 F.3d 522, 530 (6th Cir. 2001)). Miller recognized Sutton as a suspected crack dealer soon after he initiated the traffic stop. Further, Miller had just observed Sutton commit a series of traffic violations. Indeed, Miller had to order Sutton to return to his car at least three times after the pursuit finally ended. Miller testified that Sutton appeared very nervous and did not respond when asked whether he was carrying any weapons. Thus, under these circumstances, Miller's pat-down search of Sutton was reasonable.

### IV.

For the foregoing reasons, we affirm the district court's denial of Sutton's motion to suppress.